# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2024

Lyle W. Cayce
Clerk

———————

No. 24-20104

———————

Gyanendra K. Patra,

*Plaintiff—Appellant*,

*versus*

Schlumberger Technology Corporation,

*Defendant—Appellee*.

—————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-2722

—————————————————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Gyanendra Patra, pro se, sued his former employer and asserted claims under Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act (ADA). In addition to many bizarre statements, including that his supervisor pressured him to begin a sexual relationship with his

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20104

subordinate, his case is procedurally lacking and has no merit. The district court dismissed the case. Patra now appeals that judgment. We AFFIRM.

## I.

Patra filed a complaint in the district court asserting several employment claims. The sprawling complaint is difficult to decipher but seemingly alleges that the defendant-appellee, Schlumberger, discriminated against Patra because of his Indian descent that resulted in his wrongful termination. Schlumberger moved to dismiss Patra's complaint. In a one-page order, the district judge granted Schlumberger's motion to dismiss.

Over 100 days later, Patra filed an amended complaint. Schlumberger moved to dismiss or strike because the court closed and terminated the matter after granting the motion to dismiss and because Patra did not seek leave of the district court nor consent of Schlumberger. The district court granted the motion in another one-page order.

## II.

We review a motion to strike for abuse of discretion. *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).[1]

## III.

On appeal, Patra focuses on how the district court erred on the merits. What he fails to mention dooms his appeal under any standard of review. Patra filed his amended complaint in a closed case. He did not move to alter, amend, or vacate the judgment pursuant to Federal Rule of Civil Procedure 59 or 60, nor did he properly file his amended complaint pursuant to Federal

---

[1] The district court's order is stylized as an order granting Schlumberger's Motion to Dismiss/Strike. Schlumberger's motion is best treated as a motion to strike because the case was already dismissed under Federal Rule of Civil Procedure 12(b)(6).

2

No. 24-20104

Rule of Civil Procedure 15. The case never reopened, and the district court was correct to strike Patra's amended complaint.

This would not be a problem if Patra was appealing the dismissal of his original complaint. But Patra is only appealing the district court order striking or dismissing his amended complaint. This Court cannot review the dismissal of Patra's original complaint. FED. R. APP. P. 4(a).

Patra also contends that alleged issues with docket entries entitle him to relief. This argument has no merit, and, even if it did, Patra has no colorable argument that it was material.

IV.

In sum, Patra improperly filed his amended complaint in a closed case, and the judgment of the district court is, therefore, in all respects,

AFFIRMED.